UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x  Docket: 1:19-cv-10318 (ALC)(KNF)

STEVEN NACHSHEN,

        Plaintiff,                         **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

   -against-

ESRT 10 UNION SQUARE, L.L.C. AND STARBUCKS CORPORATION,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IT IS HEREBY STIPULATED AND AGREED by and among counsel for the respective parties in this action as follows:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation, it is therefore hereby

ORDERED that any person subject to this Confidentiality Stipulation and Protective Order ("Order"), including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms:

1.    Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in discovery in the course of this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2.    The person producing any given Discovery Material may designate as

"Confidential" such portion(s) of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or which, in the good faith opinion of the producing person, warrants such a designation pursuant to the Federal Rules of Civil Procedure and interpretive case law.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either (i) on the record during the deposition or (ii) until seven (7) days after receipt of the deposition transcript.

4. At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by informing all parties in writing that the Discovery Materials should be treated as Confidential under this Order.

5. The Parties agree to keep any dates of birth and social security numbers as Confidential. The Parties agree not to file or publicly disclose any documents containing a date of birth or social security number unless the date(s) of birth or social security number(s) is redacted in the document.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

   i) the parties to this action;
   ii) counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;
   iii) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

iv) any witness called to testify at deposition or at trial, provided that such person has a need to know such Confidential Discovery Material and provided further that such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

v) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non- Disclosure Agreement in the form attached to this Order;

vi) stenographers engaged to transcribe depositions conducted in this action; and

vii) the Court and its support personnel.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6.iv. or 6.v. above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

8. The Party designating a document(s) as Confidential Discovery Material will have the obligation to make an application to the Court to have such document(s) filed under seal. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal.

9. Irrespective of any designation as Confidential, Confidential Discovery Material does not include information which is (i) in the public domain, (ii) available on a non-confidential basis or, (iii) becomes available on a non-confidential basis from a source other than the persons subject to this Order, provided that such source is not known by the receiving party to be bound by any duty to the designating party to keep such information confidential.

10. Any party who objects to any designation of confidentiality or to further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court with the party who

designated the document or information as confidential having the burden of proving that the designated document or information should be confidential.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. Nothing in this Order shall preclude a party offering information subject to this Confidentiality Order into evidence or from using any such information in the course of examining or cross-examining any witness at the trial of this action or during a deposition conducted in this action.

Dated: October 14, 2020
New York, New York

| PARKER HANSKI LLC | LITTLER MENDELSON P.C. |
|---|---|
| By: _____ | By: _____ |
| Glen H. Parker, Esq. | Eric D. Witkin, Esq. |
| Attorneys for Plaintiff | Attorney for Defendants |
| 40 Worth Street, 10th Floor | 900 Third Avenue |
| New York, New York 10013 | New York, NY 10022-3298 |
| Tel (212) 248-7400 | 212-497-8485 |
| Fax (212) 248-5600 | EWitkin@littler.com |
| ghp@parkerhanski.com | |

10/16/20

**SO ORDERED**: _____
**KEVIN NATHANIEL FOX, U.S.M.J.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVEN NACHSHEN,

        Plaintiff,

  -against-

ESRT 10 UNION SQUARE, L.L.C. AND STARBUCKS CORPORATION

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1:19-cv-10318 (ALC)(KNF)

**NON-DISCLOSURE AGREEMENT**

    I,_____, acknowledge that I have read and understand the Confidentiality Stipulation and Proposed Protective Order in this action (the "***Order***"). I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for any willful violation of any of the terms of the Order, which could subject me to sanctions, including contempt of Court.

Dated: _____          _____